IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51055
Summary Calendar
_____


UNITED STATES OF AMERICA

             Plaintiff - Appellee

     v.

MACARIO OJEDA-NAVARRO

             Defendant - Appellant

                --------------------
        Appeal from the United States District Court
            for the Western District of Texas
                USDC No. EP-00-CR-962-1-H
                --------------------
                  October 8, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Macario Ojeda-Navarro appeals his sentence of 46 months'
imprisonment after pleading guilty to illegal reentry after
deportation in violation of 8 U.S.C. § 1326.  The district court
determined that Ojeda-Navarro's offense level should be increased
by 16 points pursuant to U.S.S.G. § 2L1.2(b)(1)(A) due to his
prior felony DWI conviction.  On August 30, 2001, the Government
filed an unopposed motion to remand for resentencing pursuant to
this court's decision in United States v. Chapa-Garza, 243 F.3d

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

921, 927 (5th Cir. 2001), <u>rehearing and rehearing en banc denied</u>, ___ F.3d ___, 2001 WL 946416 (5th Cir. Aug. 20, 2001).

The Government's motion is GRANTED, the judgment of conviction is VACATED, and this case is REMANDED for resentencing in light of <u>Chapa-Garza</u>.

Ojeda-Navarro contends that the aggravated-felony conviction that resulted in his increased sentence under § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See Apprendi</u>, 120 S. Ct. at 2362; <u>see also United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000)(noting that the Supreme Court in <u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u>), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). This court must therefore follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted). <u>Apprendi</u> does not prevent him from being sentenced to a term of imprisonment of more than two years. <u>Chapa-Garza</u>, 243 F.3d at 928.

MOTION GRANTED; JUDGMENT VACATED AND REMANDED FOR RESENTENCING.